UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

CHRISTOPHER MILLS,

                                Plaintiff,

                        -against-

THE CITY OF NEW YORK, P.O. UBBEN TYLER,
Shield No. 22865, Individually and in his Official
Capacity, and P.O.'s "JOHN DOE" #1-10, Individually
and in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown),

                                Defendants.

--------------------------------------------------------------------X

**COMPLAINT**

**10 CV 1172**

**JURY TRIAL DEMANDED**

**ECF CASE**


        Plaintiff CHRISTOPHER MILLS, by his attorneys, COHEN & FITCH LLP,

complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

        1.      Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his

civil rights, as said rights are secured by said statutes and the Constitutions of the State of

New York and the United States.

**JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988,

and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C.
§1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter
pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff CHRISTOPHER MILLS is an African-American male and at all
relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK, was and is a municipal
corporation duly organized and existing under and by virtue of the laws of the State of
New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City
Police Department, a duly authorized public authority and/or police department,
authorized to perform all functions of a police department as per the applicable sections
of the New York State Criminal Procedure Law, acting under the direction and
supervision of the aforementioned municipal corporation, The City of New York.

9.      That at all times hereinafter mentioned, the defendants P.O. UBBEN
TYLER and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said
department and were acting under the supervision of said department and according to
their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about November 23, 2009, at approximately 8:57 p.m., plaintiff CHRISTOPHER MILLS was lawfully present in the vicinity of 143rd Street and Alexander Avenue, in the County of Bronx, State of New York.

14.     At the aforesaid time and place plaintiff had just walked out of a local store at the aforementioned location.

15.     All of sudden, plaintiff was approached by several members of the New York City Police Department.

16.     The defendant police officers immediately told plaintiff to stop, turn around, and that he was under arrest.

17.     Defendants did not find illegal drugs or any other contraband on plaintiff's person or in his custody or control.

18.     Plaintiff explained that he had just come out of the store, but the defendant officers just ignored him and handcuffed his arms tightly behind his back.

18.     Notwithstanding the lack of any evidence of criminal activity or contraband, the defendants arrested plaintiff and charged him with Criminal Possession of Marijuana in Fifth Degree.

19.     At no time did plaintiff ever possess or control any Marijuana or contraband.

20.     As a result of his unlawful arrest, plaintiff CHRISTOPHER MILLS spent in excess of twenty four (24) hours in police custody before the District Attorney's Office declined to prosecute him.

21.     As a result of the foregoing, plaintiff CHRISTOPHER MILLS sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983</u>

22.     Plaintiff repeats, reiterates and realleges each and every allegation contained  in paragraphs numbered "1"  through "21"  with the same force and effect as if fully set forth herein.

23.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24.     All of the aforementioned acts deprived plaintiff CHRISTOPHER MILLS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

30.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendants issued legal process to place plaintiff CHRISTOPHER MILLS under arrest.

33.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

34.     Defendants acted with intent to do harm to plaintiff CHRISTOPHER MILLS, without excuse or justification.

35.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but

were not limited to, a) arresting individuals regardless of probable cause, and b) falsifying evidence to cover up police misconduct.

39.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

40.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

41.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

42.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHRISTOPHER MILLS was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

43.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

44.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff CHRISTOPHER MILLS's constitutional rights.

45.     The acts complained of deprived plaintiff of their rights:

A.     Not to be deprived of liberty without due process of law;

    B.      To be free from seizure and arrest not based upon probable cause;

    C.      To be free from malicious abuse of process;

    D.      To be free from unlawful search;

    E.      Not to have summary punishment imposed upon them; and

    F.      To receive equal protection under the law.

### PENDANT STATE CLAIMS

46.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    On or about January 26, 2010, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e)**.**

48.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

49.    Upon information and belief, defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said Hearing is scheduled for a date and time to be determined by the CITY.

50.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

51.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**<u>ASSAULT</u>**

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

54.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**<u>BATTERY</u>**

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendant police officers touched plaintiff CHRISTOPHER MILLS in a harmful and offensive manner.

57.     Defendant police officers did so without privilege or consent from plaintiff.

58.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE ARREST</u>

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendant police officers arrested plaintiff CHRISTOPHER MILLS in the absence of probable cause and without a warrant.

61.     As a result of the aforesaid conduct by defendants, plaintiff CHRISTOPHER MILLS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE IMPRISONMENT</u>

62.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     As a result of the foregoing, plaintiff CHRISTOPHER MILLS was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

64.     Plaintiff was conscious of said confinement and did not consent to same.

65.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

66.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

69.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

70.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

71.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

72.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the defendants individually named above.

75.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

76.     Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

77.     By reason of the aforesaid conduct by defendants, plaintiff CHRISTOPHER MILLS requests the following relief:

        A.     Compensatory damages in the amount of one million dollars ($1,000,000);

        B.  Punitive damages in the amount of one million dollars ($1,000,000);

        C.  An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

        D. Any further relief as the Court may find just and proper

78     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff CHRISTOPHER MILLS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million

dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       February 11, 2010

                                    BY:_____/S_____
                                    JOSHUA P. FITCH (JF-2813)
                                    COHEN & FITCH LLP
                                    Attorneys for Plaintiff
                                    225 Broadway, Suite 2700
                                    New York, N.Y. 10007
                                    (212) 374-9115